DEMOCRATIC CENTRAL COMMITTEE
OF THE DISTRICT OF COLUMBIA,
et al., Petitioners,

v.

The WASHINGTON METROPOLITAN
AREA TRANSIT COMMISSION,
Respondent,

D.C. Transit System, Inc., Intervenor.

Nos. 21865, 24398, 24415 and 24428.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 1, 1993.

Decided March 30, 1993.

Leonard N. Bebchick, with whom Raymond Sczudlo, Washington, DC, was on the motions to effectuate subordination and for the deposit of rentals for Security Trust Co., N.A. as escrow agent/depositary, for the account of the Washington Metropolitan Area Riders' Fund.

Harvey M. Spear, New York City, was on the opposition to the motions to effectuate subordination and for the deposit of rentals for D.C. Transit System, Inc., intervenor in Nos. 21865, 24398, 24415 and 24428.

Landon G. Dowdey, Washington, DC, for Democratic Central Committee of the District of Columbia, et al., petitioners in Nos. 21865 and 24398.

Gilbert Hahn, Jr., Washington, DC, for Black United Front, et al., petitioners in No. 24428.

Lutz Alexander Prager, Deputy Asst. Corp. Counsel, Washington, DC, for District of Columbia, petitioner in No. 24415.

O. Roy Chalk, pro se.

Before BUCKLEY and RANDOLPH, Circuit Judges, and MacKINNON, Senior Circuit Judge.

JUDGMENT

PER CURIAM:

Upon consideration of the motion of Security Trust Company, N.A., (the "Trust Company"), acting as Escrow Agent/Depositary for the account of the Washington Metropolitan Area Riders' Fund for the entry of Judgment and other relief against D.C. Transit System, Inc. ("Transit") on the claim of the Trust Company involving defaulted promissory notes payable by Transit to the Trust Company in the face amounts of $4,500,000.00 and $4,700,000.00 respectively ("the notes," copies attached); and

Upon the determination by the Court that the dispute in this litigation, which requires a ruling by this Court, arises under and is related to the February 26, 1990 Order of the Court with respect to the Compromise Agreement and the claim by the Trust Company for judgment against Transit for sums that Transit presently owes the Trust Company under the terms of the notes, which were due on July 14, 1992 and which were not then paid and which remain in default and unpaid; and the Court by its Order of February 26, 1990 having "retain[ed] jurisdiction of all matters in all subject cases ... and ... to resolve any and all disputes arising under or relating to this [the compromise] settlement and with respect to all subject litigations"; and Transit having alleged and admitted to such jurisdiction in its answer of December 21, 1992 to the amended complaint of the Trust Company in *Security Trust Company, N.A. v. D.C. Transit System, Inc.*, Civil Case No. 92–CA12235, Superior Court of the District of Columbia, Civil Division; and upon the Response by Transit to the February 18, 1993 Order of the Court to Show Cause why judgment should not be entered against Transit in favor of the Trust Company in the amount of $4,976,124.79 with interest from February 2, 1993; and upon the Affidavit of Frederick W. Clark; and upon the arguments of counsel; and upon consideration of the terms of the notes herein before referred to; and upon all the files and records herein; it is

ORDERED, ADJUDGED AND DECREED, by the Court, pursuant to the retained jurisdiction cited above, that judgment is hereby entered against D.C. Transit System, Inc. in favor of Security Trust

Company, N.A. acting as Escrow Agent/Depositary for the account of the Washington Metropolitan Area Riders' Fund established by the February 26, 1990 Order of the Court, in the amount of $4,976,124.79,* representing as of February 2, 1993 $4,963,249.61 unpaid principal and $12,875.18 unpaid interest, with interest from February 2, 1993 on the amount of the Judgment representing unpaid principal from time to time outstanding, (a) for the first calendar quarterly period of the Judgment, at the average 13–week U.S. Treasury Bill coupon-equivalent yield rate realized at the most recent 13–week U.S. Treasury Bill auction held immediately prior to February 2, 1993, and (b) for each successive calendar quarterly period, at the rate equal to such same yield rate as is realized at the most recent 13–week U.S. Treasury Bill auction held immediately pri-

or to the beginning of each such quarterly period and published weekly in the Treasury News report of the weekly auction, such Judgment being authorized by the retained jurisdiction and admission of Transit to such jurisdiction cited above; and it is

ORDERED, by the Court, that the Trust Company forthwith present the notes to the Clerk of Court of the United States Court of Appeals for the District of Columbia Circuit and that the Clerk forthwith endorse said defaulted promissory notes: "Cancelled and Merged in Judgment"; and it is

ORDERED, that judgment is entered without prejudice to the right of the Trust Company to apply to this Court, as provided for in the notes, for the recovery of all its costs of collection including reasonable attorneys' fees.

* Calculation of Judgment filed February 5, 1993 is attached.

APPENDIX

Date: 5/29/90

$4,500,000.00

## NOTE

FOR VALUE RECEIVED, the undersigned promises to pay to the order of Security Trust Company, N.A., as Escrow Agent/Depository for the account of The Washington Metropolitan Area Riders' Fund under Escrow Agreement of February 26, 1990, the principal amount of Four Million Five Hundred Thousand and no/100 ($4,500,000.00) Dollars.

Said principal is due and payable in full on July 14, 1992, with unpaid interest in full.

Interest on the unpaid principal balance shall begin to run on the date the Further Amended Agreement of Compromise and Settlement (the "Compromise Agreement") dated as of January 26, 1990, is approved by written order of the United States Court of Appeals for the District of Columbia Circuit (the "Court of Appeals") at the average 13-week U.S. Treasury Bill coupon-equivalent yield rate realized at the most recent 13-day week U.S. Treasury Bill auction immediately prior to the beginning of each such quarterly period and published weekly in the Treasury News report of the weekly auction, and be payable in quarterly installments after the aforesaid date of approval until paid in.

1242

full. Interest shall be calculated on a 365 or 366 day year for actual days elapsed. The first quarterly interest payment shall be ninety (90) days after the Compromise Agreement is approved by written order of the Court of Appeals.

The privilege is reserved to the maker hereof of making principal payments in any amount prior to July 14, 1992 without penalty.

Each payment when made is to be applied first to the payment of interest on the amount of the principal remaining unpaid and the balance thereof credited to principal.

It is understood and agreed that the maker hereof will pay to the noteholder a late charge of five (5%) percent on the amount of any interest installment which is not received by said noteholder within fifteen (15) days of the date such installment became due.

It is understood and agreed that the obligation of the maker to pay the indebtedness and interest evidenced by said promissory note cannot be assigned, and title to the hereinafter described property owned by the maker and/or its wholly-owned AND MERGED subsidiaries, Cabin John Realty, Inc. and P.G. Realty Development Corporation, and pledged as security for the payment of this note, cannot be transferred, conveyed or taken subject to the lien of the deed of trust which secures this note, or otherwise disposed of, without the prior written consent of the noteholder and the approval by written order of the Court of Appeals.

It is further understood and agreed that if default be made in the payment of interest or principal, or taxes on the property securing this promissory note, when and as the same become due and payable, the then unpaid principal balance of the note plus all interest accrued and unpaid thereon shall, at once, immediately become due and payable in full at the option of the noteholder; provided, however, that notwithstanding the foregoing, the undersigned shall have the opportunity to cure any default for a period of ten (10) days after receipt by the undersigned of written notice by the Trust Company of the occurrence of such default.

This promissory note upon approval by written order of the Court of Appeals shall be assignable by the Trust Company without the need for consent by the maker of the note.

Presentment, notice of dishonor, demand and protest are hereby waived by the maker hereof. This note shall be the joint and several obligation of the maker hereof and shall be binding upon it and its successors and assigns.

In the event of default in payment of the principal of this note, of interest, or the taxes on the property securing this note, if any of the same is collected by an attorney at law, the undersigned agrees to pay all costs of collection, including a reasonable attorney's fee.

-3-

1244

This note is secured by a first Deed of Trust dated
_May 29_ , 1990, on The Cabin John Right-of-Way in
Montgomery County, Maryland, and a first Deed of Trust dated
_May 29_, 1990, on The Prince George's County Right-of-Way
Prince George's County, Maryland, owned respectively, by Cabin
John Realty, Inc., P.G. Realty Development Corporation, wholly-
owned AND MERGED subsidiaries of the undersigned and/or the undersigned.

D.C. Transit System, Inc.

By:

O. Roy Chalk
chairman

-4-

<u>District of Columbia</u>, to wit:

I, _Ruth M. Lineberger_, a Notary Public in and for the District of Columbia, do hereby certify that O. Roy Chalk, who is personally known to me to be the Chief Executive Officer of D.C. Transit System, Inc., personally appeared before me in said District and by virtue of the authority conferred upon him, acknowledged that his signature on the foregoing note was the act and deed of said corporation.

Given under my hand and seal this 29th day of _May_ __, 1990.

_Ruth M. Lineberger_
Notary Public

My commission expires: 2/28/91

-5-

As of
Date: ___May 29, 1990___

$4,700,000.00

## NOTE

FOR VALUE RECEIVED, the undersigned promises to pay to the order of Security Trust Company, N.A., as Escrow Agent/Depository for the account of The Washington Metropolitan Area Riders' Fund under Escrow Agreement of February 26, 1990, the principal amount of Four Million Seven Hundred Thousand and no/100 ($4,700,000.00) Dollars.

Said principal is due and payable in full on July 14, 1992, with unpaid interest in full.

The first interest payment shall be for the period of May 29, 1990 to September 13, 1990 due on September 13, 1990; and thereafter payments shall be made quarterly commencing December 13, 1990 and each 3 months thereafter until paid in full.

Interest on the unpaid principal balance will be computed at the average 13-week U.S. Treasury Bill coupon-equivalent yield rate realized at the most recent 13-day week U.S. Treasury Bill auction immediately prior to the beginning of each such quarterly period and published weekly in the Treasury News report of the weekly auction, and be payable in quarterly installments until paid in full. Interest shall be calculated on a 365 or 366 day year for actual days elapsed.

The privilege is reserved to the maker hereof of making principal payments in any amount without penalty.

Each payment when made is to be applied first to the payment of interest on the amount of the principal remaining unpaid and the balance thereof credited to principal.

It is understood and agreed that the maker hereof will pay to the noteholder a late charge of five (5%) percent on the amount of any interest installment which is not received by said noteholder within fifteen (15) days of the date such installment became due.

It is understood and agreed that the obligation of the maker to pay the indebtedness and interest evidenced by said promissory note cannot be assigned, and title to the hereinafter described property owned by the maker and pledged as security for the payment

of this note, cannot be transferred, conveyed or taken subject to the lien of the deed of trust which secures this note, or otherwise disposed of, without the prior written consent of the noteholder and the approval by written order of the Court of Appeals.

It is further understood and agreed that if default be made in the payment of interest or principal, or taxes on the property securing this promissory note, when and as the same become due and payable, the then unpaid principal balance of the note plus all interest accrued and unpaid thereon shall, at once, immediately become due and payable in full at the option of the noteholder; provided, however, that notwithstanding the foregoing, the undersigned shall have the opportunity to cure any default for a period of ten (10) days after receipt by the undersigned of written notice by the Trust Company of the occurence of such default.

This promissory note upon approval by written order of the Court of Appeals shall be assignable by the Trust Company without the need for consent by the maker of the note.

Presentment, notice of dishonor, demand and protest are hereby waived by the maker hereof. This note shall be the joint and several obligation of the maker hereof and shall be binding upon it and it successor and assigns.

In the event of default in payment of the principal of this note, of interest, or the taxes on the property securing this note, if any of the same is collected by an attorney at law, the undersigned agrees to pay all costs of collection, including a reasonable attorney's fee.

D.C. TRANSIT SYSTEM, INC.

BY: _____

This note is secured by a First Deed of Trust to Charles G. Cusic, Jr. and Lisa D. Brown, Trustees, and dated as of May 29, 1990 on Lot 817 in Square 1322 and Lot 822 in Square 1321.

Draft: 9/7/90

District of Columbia, to wit:

I, Ruth M. Lineberger, a Notary Public in and for the District of Columbia, do hereby certify that O. Roy Chalk, who is personally known to me to be the Chief Executive Officer of D.C. Transit System, Inc., personally appeared before me in said District and by virtue of the authority conferred upon him, acknowledged that his signature on the foregoing note was the act and deed of said corporation.

Given under my hand and seal this 10th day of September, 1990.

_____
Notary Public

My Commission expires: 2/28/91

UNITED STATES COURT OF APPEALS
FOR THE
DISTRICT OF COLUMBIA CIRCUIT

No. 21,865

Democratic Central Committee of
the District of Columbia, et al.

Petitioners,

v.

Washington Metropolitan Area
Transit Commission,

Respondent,

D.C. Transit System, Inc.,

Intervenor.

and Consolidated Cases Nos. 24398,
24415 and 24428

## CALCULATION OF JUDGMENT

Security Trust Company, N.A. submits for the record the detailed basis of its calculation as to the amount of the Judgment which it here seeks -- the amount due as at February 2, 1993 and with interest accruing from that date in the manner prescribed by the proposed form of Judgment filed earlier this week. Except for a four cent overstatement, the amount sought as at February 2, 1993 -- $4,976,124.79 -- is the amount which the undersigned calculated for the court during oral argument on February 2, 1993.

This amount differs in two respects from that set forth in STC's proposed form of Judgment, and the undersigned takes responsibility for the errors in that form.

 1. The amount of the Judgment should be $4,976,124.79 rather than $4,976,124.83. The four cent overstatement reflects an inadvertent error in addition.

 2. Interest should run from February 2, 1993 rather that February 1, 1993. That is because the amount of the Judgment sought includes interest through and including February 1st.

 The foregoing reflects the application of the proceeds of the Navy Yard Note sale, received February 1, 1993, to Transit's $4.5 million Note. We append a two page Schedule. The first page sets forth the full particulars of our calculation of judgment, and the second page reconciles the amount of our calculated judgement with (a) our written calculation distributed during oral argument (which assumed receipt of the Navy Yard Note proceeds a day later on February 2) and (b) the application of the actual funds received from 770 Limited Partnership. If the court should prefer to enter an amount of Judgment due as at a date subsequent to February 2, 1993, the daily amount of interest to be added to our suggested amount appears at the bottom of the first page of the Schedule.

 Leonard N. Bebchick
 Suite 600
 888 Sixteenth St., NW
 Washington, DC 20006
 Tel: (202) 835-1921

 Counsel for the Security Trust Company N.A. acting on behalf of the Riders' Fund.

February 5, 1993

2

SCHEDULE

## D.C. TRANSIT OWINGS AS AT 2/02/93

Application of 770 Note proceeds of 2/01/93 and interest carry forward credit to DCT $4.5 million Note to STC and the resulting effect on Transit's total outstanding indebtedness.

I. Interest due on DCT $4.5 million note at 2/01/93 and applica- tion of interest proceeds of 770 Note Sale received that day together with credit from interest carry forward.

| | |
|---|---|
| to 1/11/93 per Clark Affidavit | $18,901.42 |
| 1/11-2/01/93 21 days @ 411.78 | 8,647.38 |
| | 27,548.80 |

| | |
|---|---|
| Less 770 Note Interest Proceeds | |
| (29 days @ 729.60) | 21,158.40 |
| Balance interest due | 6,390.40 |

| | |
|---|---|
| Application from 13,685.75 interest | |
| credit carry forward | 6,390.40 |

Leaving 7,295.35 carry forward to earlier of date of judgment or next interest due date (2/26/93).

II. Application of full outstanding principal balance of 770 Note to outstanding balance DTC $4.5 million note to STC.

| | |
|---|---|
| | 4,500,000.00 |
| | 3,804,340.45 |
| | 695,659.45 |

Interest accruing on $4.5 million note balance from 2/01/93 at 3.34% = $63.658 daily
--------------------------------------------------------------

III. Outstanding Debt as at 2/02/93 after 770 Note repayment and full application of 770 Note sale proceeds on 2/01/93.

| | |
|---|---|
| on $4.7 million note | |
| Balance 12/13/92 | 4,267,590.16 |
| Interest to 1/11/93 per Clark Affdvt | 11,438.41 |
| Interest to 2/02/93 22 days @ 394.021 | 8,668.46 |

| | |
|---|---|
| on $4.5 million note | 695,659.45 |
| Interest 2/01-2/02 1 day @ 63.66 | 63.66 |

Thus DCT outstanding debt at 2/02/93

| | |
|---|---|
| Principal both notes | 4,963,249.61 |
| Interest on $4.7 note | 20,106.87 |
| Interest on $4.5 note | 63.66 |
| Less interest credit carry forward | - 7,295.35 |

Total Principal & interest due at 2/02/93 4,976,124.79

Daily interest accruing from 2/02 to date of Judgment (up to 2/26/93) -- $457.679 (394.021+63.658)

1252

## RECONCILIATIONS

I. Total Principal and Interest due 2/02/93 if 770 Note Repayment had been made 2/02/93, rather that 2/01/93, as assumed in written calculation distributed to the court at oral argument on 2/02/93.

Judgment indicated in earlier distribution $4,975,743.31

Adjustments for one day earlier repayment

| | | |
|---|---|---|
| One day less interest recv'd on 770 Note | + | 729.60 |
| One day less interest charged on $4.5 Note | − | 411.78 |
| One day interest on $4.5 Note balance | + | 63.66 |
| | | $4,976,124.79 |

II. Application of Proceeds Received 770 Note Sale.

| | |
|---|---|
| Received by wire transfer 2/01/93 | $3,601,907.86 |
| Less Interest (29 days & $729.60) | 21,158.40 |
| Less Discounted Price - Principal | 3,579,884.46 |
| Less Reimbursment closing costs | 865.00 |
| | − 0− |

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Calculation of Judgment and the Schedule thereto was this 5th day of February 1993

telefaxed to:

Harvey M. Spear
Jacobs Persinger & Parker
77 Water St., 17th flr.
New York, NY 10005

O. Roy Chalk
Suite 650
1655 N. Ft. Myer Drive
Arlington, VA 22209

and was mailed, first class postage prepaid to

Gilbert Hahn, Jr.
Amram and Hahn
815 Connecticut Ave., NW
Suite 601
Washington, DC 20006

Donald J. Balsley, Jr.
Suite 519
Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

William Morrow
General Counsel
WMATC, Suite 703
1828 L Street, NW
Washington, DC 20036

Landon G. Dowdey
2824 Tupelo Street
Atlanta, GA 30317

Lutz A. Prager
Office Corporation Counsel
District Bldg., Rm. 305
1350 Pennsylvania Ave.,NW
Washington, DC 20004

Gerard Stief
Office of General Counsel
WMATA
600 5th Street, NW
Washington, DC 20001

_____
Leonard N. Bebchick